Filed 3/4/22  P. v. Hernandez CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

RUBEN JULIO HERNANDEZ,

    Defendant and Appellant.

</td><td>

E075834

(Super.Ct.No. RIF132924)

OPINION

</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, Lynne G. McGinnis, and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

# INTRODUCTION

In 2012, pursuant to a plea agreement, defendant and appellant Ruben Julio Hernandez pleaded guilty to second degree attempted murder (Pen. Code,[1] §§ 664/187, subd. (a); count 5), which was based on the natural and probable consequences theory. He also admitted sentencing enhancements pursuant to sections 186.22, subdivision (b)(1), and 12022, subdivision (a)(1). In exchange, the remaining charges and enhancement allegations were dismissed, and defendant was sentenced to 20 years in state prison—nine years for the attempted murder, one year for the firearm enhancement, and 10 years for the gang enhancement.

About eight years later, in 2020, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court summarily denied the petition finding section 1170.95 did not apply to attempted murder, which was the correct result at the time. In a prior nonpublished opinion, *People v. Hernandez* (June 23, 2021, E075834), we affirmed the trial court's order. But the Legislature since has passed and the Governor has signed Senate Bill No. 775 (2020-2021 Reg. Sess.), which makes clear that persons convicted of attempted murder could be eligible for resentencing relief.

---

[1] All future statutory references are to the Penal Code.

Following the issuance of our prior opinion affirming the trial court's order, defendant filed a petition for review in the California Supreme Court (S270019). The Supreme Court granted review, and on December 29, 2021, transferred the matter to us with directions to vacate our prior decision and reconsider the cause in light of Senate Bill No. 775. We vacated our decision on January 7, 2022, and allowed the parties to file supplemental briefs.

In supplemental briefing, defendant contends, and the People correctly concede, he is eligible for resentencing under section 1170.95, as amended by Senate Bill No. 775, and this matter should be remanded for the superior court to reconsider his petition. We agree. Because section 1170.95, as amended by Senate Bill No. 775, will provide resentencing relief for individuals charged with attempted murder under certain circumstances, we will reverse the trial court's order and remand the matter for the court to reconsider defendant's petition.

II

DISCUSSION[2]

Before the enactment of Senate Bill No. 775, the California Courts of Appeal were uniform in concluding that resentencing relief under section 1170.95 was limited to murder convictions and did not extend to persons convicted of voluntary manslaughter or attempted murder. (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436; *People v. Paige* (2020) 51 Cal.App.5th 194, 201-204.) Since then, however, the

---

[2] The factual and procedural background is not relevant to this appeal, and we will not recount those details.

3

Legislature enacted Senate Bill No. 775, which took effect on January 1, 2022. This bill amends section 1170.95 in various ways, and the most significant for our purposes is an amendment that expressly permits defendants convicted of attempted murder to seek relief. (Stats. 2021, ch. 551, § 2; see Stats. 2021, ch. 551, § 1, subd. (a) ["[T]his legislation . . . ¶ (a) [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].)

Defendant contends and the People agree that the trial court's summary denial of the resentencing petition must be reversed, and the matter remanded. Having reviewed the record on appeal, we also agree. On remand, the trial court must determine whether defendant has stated a prima facie case for relief under section 1170.95 as to his attempted murder conviction. (§ 1170.95, subd. (c).) If the court finds a prima facie case is stated, it shall issue an order to show cause and hold a hearing "to determine whether to vacate the . . . attempted murder . . . conviction and to recall the sentence and resentence [defendant] on any remaining counts in the same manner as if [he] had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95 subd. (d)(1).)

III

DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed, and the matter is remanded to the superior court. Upon remand, the superior court shall conduct further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:


SLOUGH

    J.


FIELDS

    J.